

JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CIV 8720

| | | |
|---|---|---|
| ANNA PAPADOPOLUOS | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| COHEN & SLAMOWITZ, LLP | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

NOV 18 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4.      Plaintiff, Anna Papadopoluos ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of Brooklyn.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant, Cohen & Slamowitz, LLP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. Defendant called Plaintiff relentlessly in its attempts to collect the debt at issue, even calling her in her hospital room. (§ 1692d(5)).

14. Defendant failed to disclose the caller's individual identity and Defendant's true corporate or business name in a telephone call to Plaintiff. On multiple occasions, Defendant made a call to the Plaintiff, and then hung up when Plaintiff's voice mail picked up, without leaving any message or properly identifying themselves. (§ 1692d(6)).

15. Defendant used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt including calling Plaintiff in her hospital room in an attempt to collect the alleged debt.(§ 1692f)).

16. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including misrepresenting to Plaintiff that Defendant would consider her offer to settle the debt if she put the offer in writing and sent it to them prior to June 28, 2010.

17. In June of 2008, Plaintiff spoke to Ms. Robinson at the Defendant's office, and informed her that she was on disability but would be willing to settle the debt.

18. Ms. Robinson told Plaintiff that she should send them something in writing by June 28th with her offer and proof of disability and that Defendant would review it and respond to her with its position.

19. Plaintiff did send the information to Defendant, however rather than respond as promised Defendant initiated legal proceedings against the Plaintiff. (§ 1692e(10).

20. Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial and/or prerecorded voice. (47 U.S.C. 227(b)(1)(A)(iii).

21. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

24.   Plaintiff repeats and re-alleges each and every allegation contained above.

25.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

This 16th day of Nov , 2010.

ATTORNEYS FOR PLAINTIFF
*Anna Papadopoluos*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012